# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JOHN O. GREEN | § |
| | § |
| v. | § CIVIL ACTION NO. 3:24-CV-0726-S |
| | § (CRIMINAL ACTION NO. 3:18-CR-0356-S-3) |
| UNITED STATES OF AMERICA | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's Motion to Dismiss 28 U.S.C. § 2255 Motion as Time-Barred ("Motion to Dismiss") [ECF No. 12]. The Court has reviewed the Motion to Dismiss, Movant John O. Green's Reply to the Motion to Dismiss ("Response") [ECF No. 15], Movant's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Section 2255 Motion") [ECF No. 1], Movant's Brief in Support of the Section 2255 Motion ("Movant's Brief") [ECF No. 3], and the applicable law. For the following reasons, the Court **GRANTS** the Motion to Dismiss.

### I. BACKGROUND

On January 15, 2020, a unanimous jury found John O. Green ("Movant") and his co-defendant and former client, Thomas Selgas, guilty of Conspiracy to Defraud the United States. *See* CR ECF No. 184.[1] The jury also found Selgas guilty of Evasion of Payment for Tax Years 1998-2002 and 2005. *Id.* On June 22, 2021, the Court sentenced Movant to six months' imprisonment to be followed by three years of supervised release. *See* CR ECF No. 304 at 1-3.

Movant and Selgas each appealed, and the United States Court of Appeals for the Fifth Circuit consolidated their appeals. *See United States v. Green* ("*Green I*"), 47 F.4th 279 (5th Cir. 2022). The Fifth Circuit affirmed Movant's and Selgas's convictions and sentences in

---

[1] ECF filings from the related criminal case (3:18-CR-0356-S-3) will be referred to as "CR ECF."

August 2022. *Id.* at 296. Movant filed a petition for a writ of certiorari with the United States Supreme Court. The Supreme Court denied the petition on January 23, 2023. *See Green v. United States* ("*Green II*"), 143 S. Ct. 747 (2023). Selgas also filed a petition for a writ of certiorari, which the Supreme Court denied on March 27, 2023. *See Selgas v. United States*, 143 S. Ct. 1058 (2023).

On March 25, 2024, Movant filed the Section 2255 Motion. He claims that: (1) he was denied his due process right to present a complete defense and his right to compulsory process because he was tried together with his client, Selgas, and was prevented from revealing "privilege and confidences that form[ed] his defense"; (2) the Government suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) he is legally innocent because the indictment "failed to allege[] an offense for which [Movant] could be charged"; and (4) he was denied his "Sixth Amendment right to effective assistance of counsel." Section 2255 Mot. 7-8.[2] On July 30, 2024, the Government filed the Motion to Dismiss, contending that Movant's Section 2255 Motion is untimely. *See* Mot. to Dismiss. Movant then filed the Response. The Government did not file a reply, and the deadline to do so has passed.

## II. LEGAL STANDARD

"28 U.S.C. § 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence. . . ." *Dodd v. United States*, 545 U.S. 353, 354 (2005). An individual is "'in custody' for purposes of § 2255" while serving a term of supervised release. *United States v. Scruggs*, 691 F.3d 660, 662 n.1 (5th Cir. 2012); *Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("Our interpretation of the 'in custody' language has not

---

[2] The Court does not address these arguments because the Court denies the Section 2255 Motion on timeliness grounds. *See infra* § III.

required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."). 28 U.S.C. § 2255 states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A movant in a Section 2255 proceeding has the burden of proving that his filings are timely. *United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019). In most cases, the one-year statute of limitations begins to run when the judgment becomes final under Section 2255(f)(1). *Young v. United States*, No. 3:15-CR-0413-N, 2020 WL 1237402 (N.D. Tex. Feb. 18, 2020), *report and recommendation adopted*, No. 3:15-CR-0413-N, 2020 WL 1236571 (N.D. Tex. Mar. 13, 2020). Although the statute does not define when a conviction "becomes final" for purposes of habeas review of a federal conviction, the Supreme Court stated in *Clay v. United States* that "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." 537 U.S. 522, 527 (2003) (citation omitted); *see also United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) (holding that "the federal judgment of conviction becomes final for purposes of the

one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies [a] defendant's petition for writ of certiorari.").

## III. ANALYSIS

Movant asserts that the Section 2255 Motion is timely under Section 2255(f)(1) or, in the alternative, Section 2255(f)(2). Finding these contentions to be without merit, the Court holds that the Section 2255 Motion is untimely because Movant filed it outside of the one-year limitation period.

### *A. Timeliness Under Section 2255(f)(1)*

The Court agrees with the Government that the Section 2255 Motion is untimely under Section 2255(f)(1). Movant's judgment of conviction became final pursuant to Section 2255(f)(1) on January 23, 2023, when the Supreme Court denied his writ petition. *See* Mot. to Dismiss 2. Thus, the Section 2255 Motion was untimely after January 23, 2024. *See Clay*, 537 U.S. at 527. It was untimely pursuant to 28 U.S.C. § 2255(f)(1) because Movant filed it on March 25, 2024. *Id.* But Movant maintains that he filed the Section 2255 Motion within the one-year limitation period under Section 2255(f)(1) because his judgment did not become final until the Supreme Court denied Selgas's writ petition on March 27, 2023. *See* Resp. 6-8. This argument is unavailing because Movant cannot rely on his former co-defendant's writ petition to extend the statute of limitations period for filing his own Section 2255 Motion.

It is undisputed that the Supreme Court denied Movant's writ petition on January 23, 2023. *See Green II*, 143 S. Ct. 747. It is irrelevant that Selgas's petition was denied on March 27, 2023, because Selgas and Movant did not file a joint petition for a writ of certiorari. *See* SUP. CT. R. 12 ¶ 4 (providing that "[p]arties interested jointly, severally, or otherwise in a judgment may

4

petition separately for a writ of certiorari; or any two or more may join in a petition"). Therefore, the statute of limitations began to run for Movant on January 23, 2023.

Further, while it appears that no case law directly addresses Movant's argument in this factual context (i.e., where each movant files a separate writ petition), federal courts have held that one co-defendant who fails to file a writ petition cannot rely on another co-defendant's writ petition to extend his time to file a Section 2255 motion. *See, e.g., Cuciniello v. United States*, 8:10-CV-1209-T-17, 2010 WL 3835225, at *2-3 (M.D. Fla. Sep. 30, 2010) ("[N]othing in the Supreme Court rules or the holding in *Clay* allows [the movant] to benefit from a co-defendant's denial of certiorari to extend the finality of his own conviction[.]"); *Savell v. United States*, No. MO-12-CV-001, 2013 WL 12348684, at *1 n.1 (W.D. Tex. July 19, 2013) (holding that the movant could not rely on a co-defendant's petition for writ of certiorari when the movant never filed his own petition); *United States v. Westcott*, No. 08-CV-00117-CVE-SAJ, 2008 WL 4925768, at *1 n.1 (N.D. Okla. Nov. 14, 2008) (same).

Movant relies on *Kemp v. United States*, 596 U.S. 528 (2022), to argue that the Court should not consider the Section 2255 Motion time-barred. Movant highlights factual similarities between his case and *Kemp*, primarily that the co-defendants in both cases were charged and found guilty as co-conspirators and had their appeals consolidated. Resp. 7.[3] However, this case is misapplied. The *Kemp* opinion addressed only whether the word "mistake" in Federal Rule of Civil Procedure 60(b)(1), which allows a party to seek relief from a final judgment, includes a judge's legal error. 596 U.S. at 530-39. The purported legal error arose in the context of a

---

[3] Movant asserts that "[i]t follows necessarily" from *Kemp* that Movant "had to wait to see whether Selgas'[s] writ of certiorari was decided and said decision was forwarded to the Fifth Circuit." Resp. 7. The Court disagrees.

5

Section 2255 timeliness analysis.[4] The Supreme Court in *Kemp* neither held nor suggested that a movant's conviction becomes final under Section 2255 when the Supreme Court denies the separate writ petition of a movant's co-defendant(s). In fact, the movant in *Kemp* did not petition the Court for certiorari. *Id.* at 531 ("For someone who, like [the movant], does not petition this Court for certiorari, a judgment becomes final when the time to seek certiorari expires."). Nothing in *Kemp*, the Rules of the Supreme Court, or Section 2255 supports Movant's argument. Instead, as the Supreme Court stated in *Clay*, "[f]inality attaches when [the Supreme] Court . . . denies a petition for a writ of certiorari." 537 U.S. at 527.

Movant also relies on the fact that this Court's docket sheet in his criminal case contains an entry from March 27, 2023, stating, "Received letter from USCA5: SUPREME COURT ORDER denying petition for writ of certiorari as to Thomas D. Selgas and John O. Green." Section 2555 Mot. 3 (citing CR ECF No. 377); Resp. 7 (same). But the documents attached to that entry reflect a letter from the Supreme Court notifying the Fifth Circuit that it had denied *Selgas's* writ petition on that date—not Movant's. CR ECF No. 377 at 2. The preceding document entry, CR ECF No. 376, entered on January 23, 2023, contains a letter from the Supreme Court to the Fifth Circuit dated that same day, stating that the Supreme Court had denied Movant's writ petition. CR ECF No. 376 at 2.

In summary, Movant's judgment became final on January 23, 2023, when the Supreme Court denied his petition for a writ of certiorari. Movant had one year from that date to file a

---

[4] The district court in *Kemp* overlooked Supreme Court Rule 13.3, which prescribes "that the 90-day clock to seek certiorari does not begin to run until *all* parties' petitions for rehearing are denied." 596 U.S. at 532. The movant argued that his Section 2255 motion was timely because the ninety-day period to seek certiorari from the Supreme Court began once all parties were eligible to petition for certiorari to the Supreme Court. *Id.* at 531-32. The Supreme Court held that the district court's determination was the kind of legal error that could justify relief under Rule 60(b); therefore, the statute of limitations for Rule 60(b) applied and barred the movant's motion. *Id.* at 539.

Section 2255 motion, but he did not do so until March 25, 2024. It is therefore untimely under Section 2255(f)(1).

### B. Timeliness Under Section 2255(f)(2)

The Section 2255 Motion also is untimely under Section 2255(f)(2), which provides an alternate accrual date for Section 2255 motions where governmental action impacts a movant's ability to file. This accrual date begins on "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Movant has the burden to establish an entitlement to equitable tolling under Section 2255(f)(2). *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To invoke this subsection, Movant must establish that: (1) government action prevented him filing a Section 2255 motion and (2) such action violated the United States Constitution or federal law. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003) (interpreting a similar provision applicable to federal habeas corpus petitions filed by state prisoners under 28 U.S.C. § 2254). The Court considers each requirement in turn.

As to the first requirement, Movant cannot establish that government action prevented him from filing a timely Section 2255 motion. Movant cites (1) the attorney–client privilege codified in Texas Rule of Evidence 503 and Federal Rule of Evidence 502 and (2) the rule of attorney confidentiality codified in Texas Disciplinary Rule of Professional Conduct 1.05 as government action that precluded him from disclosing information that would support a meritorious Section 2255 motion. Resp. 8-11; Movant's Br. 16, 18.

Movant claims that these rules are "government-imposed impediments" that prevented him from filing a Section 2255 motion until he was disbarred. Resp. 8-12. Movant contends that the

7

one-year limitations period began to run under Section 2255(f)(2) on March 7, 2024, when he was officially disbarred in both Washington State and Texas and the state-imposed attorney–client privilege and confidentiality rules no longer applied. *Id.* at 9-12; Movant's Br. 15-16, 18. Movant claims that only then could he support a Section 2255 motion by explaining the requisite facts that would have allowed him to present a complete defense at trial. Resp. 12; Movant's Br. 15-16, 18.

Rule 1.05 provides that, with some exceptions, a lawyer shall not knowingly reveal "confidential information of a client" to "anyone else, other than the client, the client's representatives, or the members, associates, or employees of the lawyer's law firm." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(b). But Rule 1.05(c) provides that a lawyer may reveal confidential information "[t]o establish a defense to a criminal charge, civil claim or disciplinary complaint against the lawyer or the lawyer's associates based upon conduct involving the client or the representation of the client." *Id.* at 1.05(c)(6). Movant does not explain why that provision would have prevented him from revealing "confidential information" in a timely Section 2255 motion.[5] Consequently, Movant has not satisfied the first requirement of subsection (f)(2).

---

[5] The Washington State equivalent of this rule is substantially similar, providing that:

(a) A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).

(b) A lawyer to the extent the lawyer reasonably believes necessary:
   . . .
       (5) may reveal information relating to the representation of a client to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client[.]

WASH. R. PROF'L CONDUCT 1.6.

8

Movant makes no effort to establish the second requirement; he does not argue that the privilege and confidentiality rules are unconstitutional or violate federal law. Thus, Movant's position ignores the plain language of Section 2255(f)(2), which references "governmental action *in violation of the Constitution or laws of the United States.*" 28 U.S.C. § 2255(f)(2) (emphasis added). The ethics rules have not been found unlawful. Thus, Movant has not satisfied the second requirement of subsection (f)(2).

In conclusion, the Court holds that Movant has not established that the Section 2255 Motion is timely under either 28 U.S.C. § 2255(f)(1) or (f)(2).

### IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss 28 U.S.C. § 2255 Motion as Time-Barred [ECF No. 12] is **GRANTED**. Accordingly, Movant John O. Green's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. By separate judgment, this case will be **DISMISSED WITH PREJUDICE**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED.**

SIGNED November 13, 2025.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**